IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JENNIFER WILLIAMS, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 08-4820 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

**MEMORANDUM**

LOWELL A. REED, Jr., Sr. J                                                                 June 15, 2009

   Upon consideration of the brief in support of request for review filed by plaintiff (Doc. No. 8) and defendant's response and the reply thereto (Doc. Nos. 10 & 11), the court makes the following findings and conclusions:

   1. On November 29, 2004, Jennifer Williams ("Williams") filed for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI, respectively, of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f, alleging an onset date of October 3, 2004. (Tr. 48; 91-95; 322-23). Throughout the administrative process, including an administrative hearing held on October 24, 2006, before an ALJ, Williams' claims were denied. (Tr. 9-11; 18-34; 39-80; 82-85; 325-29). Pursuant to 42 U.S.C. § 405(g), Williams filed her complaint in this court on September 15, 2008.

   2. In his November 8, 2006 decision, the ALJ concluded, *inter alia*, that: (1) Williams had severe impairments consisting of a back disorder, a right ankle disorder, a left knee disorder; and obesity; (2) her impairments did not meet or equal a listing; (3) she had the RFC to perform sedentary work with a sit/stand option and only occasional postural changes; (4) there were jobs that existed in significant numbers in the national economy that Williams could perform; and (5) she was not disabled. (Tr. 22 ¶ 3; 24 Finding 3; 25 Finding 4; 27 Finding 5; 29 Finding 10; 30 ¶ 3; 30 Finding 11).[1]

   3. The Court has plenary review of legal issues, but reviews the ALJ's factual findings to determine whether they are supported by substantial evidence. Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); see also Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). It is more than a mere scintilla but may be less than a preponderance. See Brown v.

---

[1] All numbered paragraph references to the ALJ's decision begin with the first full paragraph on each page.

Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).  If the conclusion of the ALJ is supported by substantial evidence, this court may not set aside the Commissioner's decision even if it would have decided the factual inquiry differently.  Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999); see 42 U.S.C. § 405(g).

       4.     Williams raises three arguments in which she alleges that the determinations by the ALJ were legally insufficient or not supported by substantial evidence.  These arguments are addressed below.  However, upon due consideration of all of the arguments and evidence, I find that the ALJ's decision is legally sufficient and supported by substantial evidence.

       A.     First, Williams argues that the ALJ erred by discounting the credibility of her testimony.  "Credibility determinations are the province of the ALJ and only should be disturbed on review if not supported by substantial evidence."  Pysher v. Apfel, No. 00-1309, 2001 WL 793305, at *3 (E.D. Pa. July 11, 2001) (citing Van Horn v. Schweiker, 717 F.2d 871, 973 (3d Cir. 1983)).  Moreover, such determinations are entitled to deference.  S.H. v. State-Operated Sch. Dist. of the City of Newark, 336 F.3d 260, 271 (3d Cir. 2003).  The ALJ adequately discussed his decision to discount the credibility of Williams' testimony and based his conclusion upon, *inter alia*, the medical reports, findings, and notes which contradicted her allegations, including those from Dr. Curtis Slipman and Dr. Norman Stempler, the conservative treatment of her impairments, and her ability to perform activities of daily living .  (Tr. 26 ¶ 3; 27 ¶¶ 2-3; 28 ¶¶ 2-3; 45; 53-56; 60-61; 218; 222; 309; 310-12; 317-19).  After reviewing the record, I conclude that the ALJ's credibility determination was supported by substantial evidence.

       B.     Second, Williams contends that the ALJ erred by rejecting the opinion of her treating physician, Dr. Stempler, that she was disabled.  (Tr. 217; 219; 312).  Instead, Williams contends that, as her long standing treating physician, Dr. Stempler's opinion was entitled to controlling weight.  The ultimate disability determination is reserved for the Commissioner and a physician's opinion thereof is not entitled to any special significance.  20 C.F.R. §§ 404.1527(e)(1-3); 416.927(e)(1-3); S.S.R. 96-5p.  Moreover, an opinion of a treating physician is only entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence.  20 C.F.R. §§ 404.1527(d)(2); 416.927(d)(2).  Dr. Stempler opined that Williams was disabled on three occasions: once on a check-box welfare employability form, once in a short "to whom it may concern" letter, and once in a report where he also stated that her impairments would be treated conservatively.  (Tr. 217; 219; 310-12).  The ALJ concluded that these opinions were conclusory, unsupported by any clinical or laboratory diagnostic findings, were based on Williams subjective complaints, and were contradicted by Dr. Slipman's examination findings and the minimal medical treatment provided by Williams' treating physicians.  (Tr. 28 ¶¶ 5-6; 218; 222; 309; 310-11; 317-19).  After a thorough review of the record, I conclude that the ALJ based his assessment on substantial evidence.

    C. Third, Williams contends that the testimony of the vocational expert ("VE") failed to properly consider the erosion of the occupational base resulting from the sit/stand option and that, as a result, his testimony did not consist of substantial evidence. The hypothetical question that the ALJ posed to the VE regarded unskilled sedentary work with a sit/stand option, only occasional postural changes, and no heights or hazards. (Tr. 73; 76). The occupational base for a full range of unskilled sedentary work will be eroded by a sit/stand option because such jobs are particularly structured so that a person cannot ordinarily sit or stand at will. S.S.R. 83-12, 1983 WL 31253, *4; S.S.R. 96-9p, 1996 WL 374185, * 7. The VE testified that under the hypothetical, most of the unskilled sedentary base would remain intact and that such a person could perform any of the 200 recognized sedentary jobs except for the 25 or 30 sedentary jobs which involved the operation of a machine. (Tr. 77). The VE then testified that such a person would be particularly suited to clerical jobs such as charge account clerk, rating clerk, and addressing clerk. (Id.). Williams contends that under the Rulings, the sit/stand option would erode most of the unskilled sedentary base and, thus, the VE must not have taken that option into account when describing the available jobs. It is quite possible that Williams is correct that the VE mis-spoke regarding the number of relevant jobs available as it is possible that such a vocational profile would significantly erode the unskilled sedentary work base.

    However, Williams' counsel at the hearing had the foresight to cure this potential error. Williams' counsel specifically asked whether a person performing the three representational clerical jobs would be sedentary for the day or whether they would be able to move around. (Tr. 78-79). The VE responded that, for all three positions, the individual could stand for relief. (Id.). As a result, I conclude that the VE's testimony that such an individual could perform, *inter alia*, these three clerical jobs, consisted of substantial evidence. Thus, the ALJ was entitled to rely upon it.

    5. After carefully reviewing all of the arguments and evidence, I find that the ALJ's conclusion that Williams was not disabled was legally sufficient and supported by substantial evidence. As a result, Williams' request for relief must be denied and the decision must be affirmed.

  An appropriate Order follows.